**WO**  KM

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas M. James, | No. CV 10-510-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Thomas M. James, who is confined in the Arizona State Prison-Kingman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

1 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
2 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
3 be granted, or that seek monetary relief from a defendant who is immune from such relief.
4 28 U.S.C. § 1915A(b)(1), (2).

5      A pleading must contain a "short and plain statement of the claim *showing* that the
6 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
7 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
8 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
9 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements, do not suffice." Id.

11      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
12 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
13 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
14 that allows the court to draw the reasonable inference that the defendant is liable for the
15 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
16 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
17 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
18 allegations may be consistent with a constitutional claim, a court must assess whether there
19 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

20      If the Court determines that a pleading could be cured by the allegation of other facts,
21 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
22 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
23 should not, however, advise the litigant how to cure the defects. This type of advice "would
24 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
25 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
26 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
27 failure to state a claim, without leave to amend because the defects cannot be corrected.
28 / / /

1 **III. Complaint**

Plaintiff names Arizona Department of Corrections Director Charles L. Ryan and "All Others Acting Concert" as Defendants to the Complaint.

Plaintiff raises two grounds for relief:

(1) Plaintiff's First Amendment rights are violated by Defendant Ryan's policy of banning adult sexually explicit publications as well as nudity in publications and photos; and

(2) The same policy violates Plaintiff's Fourteenth Amendment due process and equal protection rights.

Plaintiff seeks declaratory and injunctive relief.

**IV. Failure to State a Claim**

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974); see also Clement v. California Department of Corrections, 364 F.3d 1148, 1151 (9th Cir. 2004) (*per curiam*). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 79 (1987); see also Beard v. Banks, 548 F.3d 521, 528 (2006). Legitimate penological interests include "the preservation of internal order and discipline, the maintenance of institutional security against escape or unauthorized entry, and the rehabilitation of the prisoners." Procunier v. Martinez, 416 U.S. 396, 412 (1974). In light of concerns about preventing the sexual harassment of prison guards and other inmates, prison officials may prohibit receipt of sexually explicit materials. See Bahrampour v. Lampert, 356 F.3d 969, 976 (9th Cir. 2001); Frost v. Symington, 197 F.3d 348, 357 (9th Cir. 1999); Mauro v. Arpaio, 188 F.3d 1054, 1060 (9th Cir. 199).

Accordingly, Plaintiff has failed to state a claim because the Ninth Circuit has already determined that a ban on sexually explicit materials in prisons does not violate the First Amendment. Further, Plaintiff offers nothing more than a conclusory allegation that the

1 policy violates his due process and equal protection rights; Plaintiff provides no facts in
2 support of this claim. The Court will dismiss the Complaint and this action.

**V.    Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff has also filed a Motion for Temporary Restraining Order and Preliminary Injunction in which he requests an order prohibiting Defendant Ryan from implementing his policy prohibiting the receipt of sexually explicit material by inmates. Because the Court will dismiss the action, the Court will deny the Motion as moot.

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee

(3)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    Plaintiff's Motion for Temporary Restraining Order in Preliminary Injunction (Doc. #5) is **denied**.

DATED this 31st day of March, 2010.

_____
G. Murray Snow
United States District Judge