**WO**                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas M. James, ) | No. CV 10-510-PHX-GMS (JFM) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan, et al., ) | |
| Defendants. ) | |

On March 4, 2010, Plaintiff Thomas M. James, who is confined in the Arizona State Prison Complex-Douglas, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a March 31, 2010 Order, the Court granted the Application to Proceed and dismissed the Complaint. On April 20, 2010, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. On April 12, 2012, the Ninth Circuit vacated the dismissal and remanded the action to this Court. On April 19, 2012, the Court issued an order granting Plaintiff 45 days to file a first amended complaint.

On June 5, 2012, Plaintiff filed his First Amended Complaint (Doc. 22). The Court will order Defendant Ryan to answer Count of the First Amended Complaint and will dismiss the remaining claim without prejudice. Plaintiff has also filed a Motion for Preliminary Injunction (Doc. 23), which the Court will dismiss without prejudice.

. . .

**TERMPSREF**

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

## II.     First Amended Complaint

In his two-count First Amended Complaint, Plaintiff sues Arizona Department of Corrections Director Charles L. Ryan.

In Count One, Plaintiff claims that his First Amendment rights are violated by Defendant Ryan's policy of prohibiting inmates from receiving adult sexually explicit publications. Plaintiff alleges that the prohibition includes a ban on all "education books and magazines, religious education books and magazines, and books and magazines for education purpose and leisure, comic books, and comic and cartoon art work magazines" that depict in part or completely, drawings of nudity, photographs of art work with nudity, or photographs from a friend or wife that depict partial nudity or simply a person in a bathing suit. Plaintiff claims that the ban does not serve an educational purpose or further rehabilitation.

In Count Two, Plaintiff claims that the ban violates his Fourteenth Amendment due process and equal protection rights.

Plaintiff seeks declaratory and injunctive relief.

## III.    Failure to State a Claim

Plaintiff has not alleged any facts in Count Two that support his claim that Defendant Ryan's policy violates his Fourteenth Amendment due process and equal protection rights. Plaintiff has therefore failed to state a claim in Count Two and Count Two will be dismissed.

## IV.    Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated a First Amendment claim against Defendant Ryan in Count One. The Court will require Defendant Ryan to answer Count One.

## V.     Motions

On June 5, 2012, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff seeks an order requiring Defendant Ryan to "show cause why his said policy in D.O. 914 and its amendments thereto are legal under state and federal standards[.]"

1    The purpose of preliminary injunctive relief is to preserve the status quo. <u>Regents of</u>
2 <u>the University of California v. A.B.C., Inc.</u>, 747 F.2d 511, 515 (9th Cir. 1974).  For a
3 preliminary injunction, a party must show either (1) a likelihood of success on the merits and
4 the possibility of irreparable injury, or (2) that serious questions going to the merits were
5 raised and the balance of hardships tips sharply in his favor.  <u>Sun Microsystems, Inc. v.</u>
6 <u>Microsoft Corp.</u>, 188 F.3d 1115, 1119 (9th Cir. 1999) (quotation omitted)  These factors
7 represent two points on a sliding scale, so that "the greater the relative hardship to the
8 moving party, the less probability of success must be shown."  <u>Id.</u> (citation omitted).
9 Similarly, to demonstrate entitlement to a temporary restraining order, Plaintiff must show
10 by specific facts that he is in danger of immediate and irreparable harm.  Fed.R.Civ.P. 65(b).

11    In this case, Plaintiff does not seek relief which would preserve the status quo.
12 Plaintiff asks simply that the Court order Defendant to demonstrate why his policy regarding
13 nudity in publications received by inmates is legal.  This is essentially the purpose of
14 requiring Defendant to answer Plaintiff's First Amended Complaint; Plaintiff's requested
15 relief does nothing to prevent the irreparable harm (denial of publications) that Plaintiff
16 asserts in his Motion.  Accordingly, the Court will deny without prejudice Plaintiff's Motion
17 for Temporary Restraining Order and Preliminary Injunction.

18    Plaintiff has also filed a "Motion for Disclosure" in which he seeks the names of
19 Arizona Department of Corrections employees.  Plaintiff's motion is premature and will be
20 denied.  Defendant has not yet been served or filed an answer in this action.  After service
21 is completed and Defendant files an answer, the Court will issue a scheduling order that sets
22 the time for the parties to conduct discovery.

23 **VI.    Warnings**

24    **A.    Release**

25    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
26 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
27 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
28 in dismissal of this action.

1

**B.     Address Changes**

2      Plaintiff must file and serve a notice of a change of address in accordance with Rule

3   83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

4   relief with a notice of change of address. Failure to comply may result in dismissal of this

5   action.

6

**C.     Copies**

7      Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy

8   of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate

9   stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit

10  an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply

11  may result in the filing being stricken without further notice to Plaintiff.

12

**D.     Possible Dismissal**

13     If Plaintiff fails to timely comply with every provision of this Order, including these

14  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

15  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

16  comply with any order of the Court).

17     **IT IS ORDERED:**

18     (1)    Plaintiff's June 5, 2012 Motion for Temporary Restraining Order and

19  Preliminary Injunction (Doc. 23) is **denied** without prejudice.

20     (2)    Plaintiff's June 5, 2012 Motion for Disclosure (Doc. 25) is **denied**.

21     (3)    Count Two is **dismissed** without prejudice.

22     (4)    Defendant Ryan must answer Count One of the First Amended Complaint.

23     (5)    The Clerk of Court must send Plaintiff a service packet including the First

24  Amended Complaint (Doc. 22), this Order, and both summons and request for waiver forms

25  for Defendant Ryan.

26  . . .

27  . . .

28  . . .

TERMPSREF

- 5 -

(6)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a)     personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **If Defendant agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 6th day of August, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge