WO                                                                                          **JWB**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Thomas M. James,                ) | No. CV 10-0510-PHX-GMS (JFM) |
|                   Plaintiff,       ) | **ORDER** |
| vs.                                 ) | |
| Charles L. Ryan, et al.,         ) | |
|                   Defendants.    ) | |

Plaintiff Thomas James, who is in the custody of the Arizona Department of Corrections (ADC), filed this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 22). Defendant ADC Director Charles Ryan moves to dismiss Plaintiff's First Amended Complaint on the ground that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) (Doc. 31).[1]  Plaintiff also moves to strike Defendant's reply.

The Court will deny Plaintiff's motion, grant Defendant's motion, and terminate the case.

**I.    Background**

Plaintiff's single remaining claim for relief stems from Defendant's policy prohibiting inmates from receiving sexually explicit publications. Plaintiff maintains that the policy

---

[1] The Court sent Plaintiff a Notice pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), advising him of his obligation to respond and the evidence necessary to rebut Defendant's motion (Doc. 32.)

1 violates the First Amendment because it is overbroad and does not serve an educational
2 purpose or further rehabilitation. The Court directed Defendant to answer the claim (Doc.
3 28 at 3) and he moves to dismiss (Doc. 31).[2]

## II. Exhaustion

### A. Legal Standard

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B. Defendant's Motion

In support of his motion, Defendant submits the declaration of Aurora Aguilar (Doc. 31, Ex. A, Aguilar Decl.), which is supported by ADC Department Order (DO) 802, *Inmate Grievance System,* effective July 13, 2009 (id., Attach. A). Aguilar declares that she is an ADC Hearing Officer whose duties include reviewing, investigating, and tracking non-medical grievance appeals (Aguilar Decl. ¶ 1).

Defendant asserts that at the times relevant to Plaintiff's First Amended Complaint,

---

[2] Upon screening, the Court dismissed Plaintiff's Fourteenth Amendment claim in Count II (Doc. 28 at 3).

- 2 -

1 ADC's administrative remedies procedure was governed by DO 802, which applies to
2 complaints related to "any aspect of institutional life or condition of confinement that
3 personally affects the inmate grievance" (id. ¶¶ 3-4). Standard grievances follow a multi-
4 tiered review process, and the final step is an appeal to the ADC Director (id. ¶¶ 5-6).
5 Aguilar attests that inmates receive both a written and oral explanation of the grievance
6 process upon incarceration and during orientation at any subsequent facility and that a copy
7 of the grievance procedure is available in the library of each unit (id. ¶¶ 8-9). Aguilar states
8 that she reviewed the Grievance Appeal Log and Grievance Appeal File but Plaintiff did not
9 file a final grievance appeal as to his claim regarding Defendant's policy of banning sexually
10 explicit materials (id. ¶¶ 11-12).

11 **III.   Analysis**

12 As articulated above, Defendant has the burden of proving lack of exhaustion and
13 therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315
14 F.3d at 1119; Brown, 422 F.3d at 936-37. Defendant submits evidence that a grievance
15 procedure was available at the prison and that Plaintiff did not file a final grievance appeal
16 as to his First Amendment claim.

17 In his response, Plaintiff does not dispute that he failed to exhaust. Rather, he presents
18 several alternative arguments as to why exhaustion was not required, including futility,
19 potential irreparable harm, and the unavailability of the process (Doc. 33). To support his
20 response, Plaintiff submits 123 pages of largely-irrelevant documents that reflect that
21 Plaintiff only completed the first stage of the grievance procedure and did not file a final
22 grievance appeal regarding his First Amendment claim (Doc. 35, Ex. C).

23 The Court finds that none of Plaintiff's excuses for failing to exhaust are meritorious.
24 It is true that if Plaintiff was unable to file grievance forms or if he was reliably informed that
25 administrative remedies were not available, exhaustion is not required. Marella v. Terhune,
26 568 F.3d 1024, 1027 (9th Cir. 2009); Brown, 422 F.3d at 935. But Plaintiff does not offer
27 any specific argument to support his claim that he was not able to utilize the grievance
28 procedure for fear of retaliation. And it is clear that Plaintiff was not prevented from using

1 the process because he submits copies of numerous inmate letters. Rather, it appears that
2 Plaintiff elected not to utilize the grievance procedure and, instead, filed this action in March
3 2010, and attempted to secure a temporary restraining order (Doc. 34, Pl. Decl. ¶ 4).

4 Plaintiff also argues that exhausting his remedies would have been futile (Doc. 33 at
5 2). It is well-settled, however, that futility is not an exception to the exhaustion requirement.
6 Porter squarely held that exhaustion is required for all suits about prison life regardless of the
7 ultimate remedy sought or the type of relief offered through the administrative process. 534
8 U.S. at 523. This holding ensures that inmates provide prison officials time and opportunity
9 to address complaints internally, which filters out frivolous claims and develops an
10 administrative record. McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002). To the
11 extent that Plaintiff argues that the grievance policy doesn't permit complaints about
12 decisions of the ADC Director or issues related to state law, Plaintiff is simply incorrect. The
13 grievance policy prohibits only grievances regarding actions by the Governor or State
14 Legislature, decisions of the Board of Executive Clemency, and decisions of the Courts (Doc.
15 31, Ex. A, Attach. A, DO § 802.01.1.2).  Policies or actions taken by the Director are
16 expressly allowed under the policy (id. at § 802.01.1.1).

17 Finally, Plaintiff alleged that if he had taken the time to exhaust, he would have
18 suffered irreparable injury. But Plaintiff does not cite to, and the Court is not aware of, any
19 precedent that recognizes a potential injury as an exception to the exhaustion requirement.
20 Bolton v. Smith, 2012 WL 1400061, at *7 (C.D. Cal. March 1, 2012). Even if such an
21 exception existed, however, Plaintiff does not explain why he would have been irreparably
22 injured by taking the time to pursue his administrative remedies. Indeed, the purpose of the
23 exhaustion requirement is to "afford corrections officials time and opportunity to address
24 complaints internally before allowing the initiation of a federal case." Brown, 422 F.3d at
25 935 (quoting Porter, 534 U.S. at 525). Plaintiff did not give ADC officials an opportunity
26 to address his claims.

27 In short, none of Plaintiff's arguments presents a valid excuse for failure to exhaust,
28 and his concession to nonexhaustion (Doc. 22 at 3) is dispositive of the issue. Holcomb v.

Fleeman, 2007 WL 3231588, at *2 (E.D. Cal. 2007) (inmate's concession that he did not obtain a Director's level decision until after the lawsuit was filed "is fatal to his action") (citing Woodford, 126 S. Ct. at 2383; McKinney, 311 F.3d at 1199-1201). Plaintiff simply failed to utilize the ADC's grievance procedure as to the claims presented in his First Amended Complaint. Defendant's motion to dismiss will be granted and Plaintiff's claim will be dismissed without prejudice.

Plaintiff also moves to strike Defendant's reply, arguing that it is untimely. While Plaintiff is correct and the reply was filed one day late, the Court will nonetheless deny the motion to strike because Plaintiff did not—and cannot—articulate any prejudice. Nor did the reply advance Defendant's argument in any meaningful way.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to Dismiss (Doc. 31) and Plaintiff's Motion to Strike (Doc. 37).

(2) Plaintiff's Motion to Strike (Doc. 37) is **denied**.

(3) Defendant's Motion to Dismiss (Doc. 31) is **granted**; Plaintiff's claim is **dismissed without prejudice for failure to exhaust**.

(4) The action is terminated, and the Clerk of Court must enter judgment accordingly

(5) For the reasons set forth herein, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from the judgment in this action would not be taken in good faith.

DATED this 14th day of January, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge