WO **JWB**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas M. James, | ) No. CV 10-0510-PHX-GMS (JFM) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Charles L. Ryan, et al., | ) |
| Defendants. | ) |

By Order dated January 15, 2013, the Court granted Defendants' motion to dismiss and dismissed this action without prejudice for failure to exhaust administrative remedies (Doc. 38). Plaintiff seeks clarification of that Order (Doc. 40). The Court will grant the motion to the extent explained herein.

First, contrary to Plaintiff's assertion, he was not assessed a strike under 28 U.S.C. § 1915(g). Rather, the Court determined that if Plaintiff should file an appeal, he would not be entitled to *in forma pauperis* status because the appeal would not be taken in good faith. Second, Plaintiff requests that his filing fee be refunded. But the Court has no discretion to authorize a refund to Plaintiff because all prisoners who file civil actions *in forma pauperis* must pay the full amount of the filing fee. Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1)).

Plaintiff also seeks clarification as to whether he may continue the exhaustion process. The PLRA mandates that an inmate exhaust remedies before filing a lawsuit invoking 42 U.S.C. § 1983. Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006); McKinney

1  v. Carey, 311 F.3d 1198, 1120-21 (9th Cir. 2002).  The statute governing exhaustion states
2  that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are
3  exhausted."  42 U.S.C. § 1997e(a).  Consequently, Plaintiff must properly complete the
4  prison's grievance procedure before filing a new action.

5      Finally, to the extent that Plaintiff presents arguments about his failure to exhaust or
6  the merits of his claims, they are merely recapitulations of what the Court considered and
7  rejected when it ruled on Defendant's motion to dismiss.  If Plaintiff is seeking
8  reconsideration, the request is denied.  United States v. Rezzonico, 32 F. Supp.2d 1112, 1116
9  (D. Ariz. 1998) (explaining that reconsideration may not be used to ask the court to rethink
10 what it has already thought through).

11     **IT IS THEREFORE ORDERED** that Plaintiff's motion for clarification (Doc. 40)
12 is granted to the extent detailed herein.

13     DATED this 8th day of February, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge